IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS JANUARY 23, 2001

## ROBERT J. McCURLEY, ET AL. v. HAROLD ANGUS, ET AL.

**Direct Appeal from the Circuit Court for Madison County**
**No. C-93-245; The Honorable Roger Page, Judge**

**No. W2000-01348-COA-R3-CV - Filed May 22, 2001**

This is an action in negligence arising out of the demolition by the Appellee of a condemned building in Jackson, Tennessee pursuant to a contract with the city of Jackson. The demolished building was located adjacent to the Appellants' building, and the two buildings shared a party wall. The Appellants' building sustained damages as a result of the demolition of the condemned building. The Appellants brought a complaint against the Appellee in the Circuit Court of Madison County, alleging negligence on the part of the Appellee. The jury found in favor of the Appellee.

The Appellants appeal from the entry of a jury verdict in favor of the Appellee. For the reasons stated herein, we affirm the trial court's decision.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

John Van den Bosch, Jr., Jesse H. Ford, III, Jackson, for Appellants

Phillip L. Davidson, Nashville, for Appellee

## OPINION

### I. Facts and Procedural History

The Appellants, Robert and Patricia McCurley ("the McCurleys"),[1] owned a parcel of real estate and a building ("the McCurley building") located at 107 North Highland Avenue in Jackson, Tennessee from which they operated a retail store, Carmen's, from 1977 to 1995. J.B. and Brenda Glassman ("the Glassmans") owned a parcel of real estate and a building ("the Glassman building")

---

[1]Mr. McCurley is now deceased.

located at 111 North Highland Avenue from which they operated Buddy's Pawn Shop.  Buddy's Pawn Shop was adjacent to Carmen's, and the south wall of the Glassman building was a party wall with the north wall of the McCurley building.

In 1993, the city of Jackson determined that the Glassman building was not in compliance with city building ordinances.  Lynn Hicks ("Mr. Hicks"), a city of Jackson building official, condemned the Glassman building and ordered it to be demolished.  The city of Jackson contracted with the Appellee, Harold Angus ("Mr. Angus"), to demolish the Glassman building.  Rather than removing the party wall piece by piece, Mr. Angus hooked a chain around the wall and pulled the wall down. In the process of pulling down the Glassman building, the McCurley building sustained damages which destroyed the structural integrity of the building.  The McCurleys could not afford to repair their building, and Carmen's went out of business.

On September 3, 1993, the McCurleys filed a complaint in the Circuit Court of Madison County against Mr. Angus for damages sustained to their building.[2]  The complaint alleged that Mr. Angus was negligent in that he failed to proceed in a workmanlike manner and failed to take proper precautions to prevent damages to the McCurley building.  The complaint further alleged that Mr. Angus was grossly negligent in pulling the metal frame of the structure down which resulted in demolition of the party wall.  Mr. Angus filed his answer on October 9, 1993.  The case proceeded to a trial by jury on November 15, 1996, where, at the close of all the proof, the trial court directed a verdict on the issue of liability in favor of the McCurleys.  Mr. Angus appealed the trial court's grant of a directed verdict to this Court.  On January 9, 1998, this Court reversed and remanded for a new trial.[3]

The jury trial was held on April 26, 2000.  The sole issue before the jury was whether Mr. Angus was negligent in demolishing the Glassman building.[4]  The jury found no fault on the part of Mr. Angus.  On May 8, 2000, the trial court entered an order dismissing the McCurleys' case.  This appeal followed.

## II.  Law and Analysis

The sole issue presented for our review is whether the jury verdict is contrary to the weight of the evidence.  Our standard of review as to findings of fact by a jury in a civil action is limited to determining whether there is any material evidence to support the verdict.  See TENN. R. APP. P.

---

[2]The McCurleys also filed suit against the city of Jackson, Tennessee, Charles Farmer, mayor of Jackson, and the Glassmans.  The action as to these defendants was dismissed on motions for summary judgment.  Various other cross-claims and counter-complaints were filed by the respective defendants which have now either been dismissed with prejudice or voluntarily non-suited.

[3]See McCurley v. City of Jackson, 1998 WL 4706, No. 02A01-9703-CV-00059, at *1 (Tenn. Ct. App. Jan. 9, 1998).

[4]The parties stipulated that the amount of damages sustained to the McCurley building was $485,000.00.

13(d). Appellate courts do not determine the credibility of witnesses or weigh evidence on appeal from a jury verdict. See Pullen v. Textron, Inc., 845 S.W.2d 777, 780 (Tenn. Ct. App. 1992) (citing Crabtree Masonry Co. v. C & R Constr., Inc., 575 S.W.2d 4, 5 (Tenn. 1978)). A judgment based on a jury verdict will not be disturbed on appeal where the record contains material evidence supporting that verdict. See Reynolds v. Ozark Motor Lines, Inc., 887 S.W.2d 822, 823 (Tenn. 1994).

Mrs. McCurley testified that Mr. Hicks inspected the McCurley building prior to the demolition of the Glassman building. Mrs. McCurley testified that Mr. Hicks "said that it was sturdy, that we shouldn't have any damage. He did tell me I might need a little waterproofing." Mrs. McCurley further testified that Mr. Angus also inspected the building and "told me not to worry, too, that I had a good building." On cross-examination, Mrs. McCurley read aloud to the jury a letter from Mr. Hicks to the McCurleys. The letter informed the McCurleys that the Glassman building was going to be demolished and stated the following:

> The removal of said building will leave the north wall of your building exposed and in need of some enclosure. Please be prepared to weatherproof this wall upon the demolition of the 111 North Highland building. It is the responsibility of the owner of any building to secure and maintain the structural integrity of said building.

Mr. Hicks testified that the city of Jackson notified the McCurleys that they needed to take precautions to ensure the structural stability of their building prior to the demolition. Mr. Hicks also stated that he told the McCurleys that there would be exposure on the north wall of their building after the demolition. Mr. Hicks testified that he met with Mr. Angus to discuss concerns about taking down the party wall. Mr. Hicks explained that the preferred way to take down the party wall was to take the structural members down individually. Mr. Hicks stated that the damages to the McCurley building could have been prevented or lessened if the party wall was taken down piece by piece. Mr. Hicks did not remember whether he specifically spoke to Mr. Angus about taking down the party wall piece by piece.

On cross-examination, Mr. Hicks read aloud to the jury a letter from the McCurleys' attorney to the mayor of the city of Jackson. The letter expressed the McCurleys' concern for the potential damage that would occur to their building as a result of the demolition and stated the following:

> My clients have been told by Harold Angus, who is identified as the person responsible for demolishing the building, that damage is anticipated to the roof and the north wall of Carmen's by virture of the demolition.
>
> . . .
>
> This letter is to put the City of Jackson on notice that in

the event there is damage to my clients' property, whether
the same be the roof, the north wall, or lateral support, an
action will be brought against all persons responsible.

Mr. Hicks explained that Mr. Angus' contract with the city of Jackson did not require him to rebuild the party wall or to protect the structural integrity of the McCurley building. Mr. Hicks stated that the McCurleys could have made an effort to minimize their damages. Mr. Hicks testified that Mr. Angus would have to make a judgment call as to whether he could safely place his workers in the building to take the party wall down piece by piece.

Glen Mudders ("Mr. Mudders"), an employee at Hubert Owen Construction, testified that he visited the McCurley building the day after the demolition. Mr. Mudders stated that the damage to the McCurley building was caused by the demolition project. Mr. Mudders testified that Mr. Angus could have prevented the damage by cutting the floor joists free from the common wall. On cross examination, Mr. Mudders testified that Mr. Angus was in the best position to determine whether the Glassman building was dangerous.

Mr. Angus testified that the Glassman building was not safe enough to allow his workers to take the building down piece by piece. Mr. Angus explained that he could not have taken the building down in any other manner due to the potential harm to his workers. Mr. Angus stated that he informed the McCurleys and the city of Jackson that "it wasn't going to look good. There was going to be some damage." Mr. Angus testified that he was not contracted to rebuild the party wall after the demolitiion. On cross examination, Mr. Angus testified that Mr. Hicks did not tell him to take the party wall down piece by piece.

We have reviewed the evidence using the proper standard of review and have determined that there is material evidence to support a finding that Mr. Angus was not at fault. Accordingly, we find that the trial court did not err in entering the jury verdict in favor of Mr. Angus.

### III. Conclusion

For the foregoing reasons, the decision of the trial court is affirmed. Costs of this appeal are taxed against the Appellants, Robert and Patricia McCurley, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE